# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: MICHAEL E. KUGLITSCH and JACQUELINE M. KUGLITSCH <br><br> Debtors. | Case No. 10-37430-MDM <br> (Chapter 7) |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 707(b)(1) BASED ON 11 U.S.C. § 707(b)(3)

NOW COMES United States Trustee Patrick S. Layng, by Attorney Michelle S. Y. Cramer, who hereby moves to dismiss this case under 11 U.S.C. § 707(b)(1) based on 11 U.S.C. § 707(b)(3). In support of this motion, the United States Trustee states:

### I. SUMMARY OF THE MOTION

1. The Debtors are married with no dependents.

2. When the Debtors filed their initial bankruptcy schedules they listed a combined gross monthly income of $3,000 on Schedule I.

3. The Debtors noted Mr. Kuglitsch received a signing bonus of $25,000 and had a pending employment contract.

4. After the filing of the bankruptcy Mr. Kuglitsch, in fact, obtained new employment and earns a gross annual salary of approximately $405,000.

5. The new employment should cover the Debtors' monthly expenses and provide repayment to their creditors. Therefore, an analysis of the totality of the circumstances demonstrates this may be an abusive filing.

Attorney Michelle S. Y. Cramer
United States Trustees Office
517 E. Wisconsin Ave., Suite 430
Milwaukee, WI 53202
(414) 297-4499 / Fax: (414) 297-4478

## JURISDICTION

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

## TOTALITY OF THE CIRCUMSTANCES UNDER 11 U.S.C. § 707(B)(3)

7. Michael and Jacqueline Kuglitsch (Debtors) commenced this Chapter 7 case on October 28, 2010. See Docket Entry #1.

8. The § 341 meeting of creditors was held on December 14, 2010.

9. At the § 341 meeting, the Debtors told the trustee that Mr. Kuglitsch has a new job in Oklahoma earning approximately $405,000 a year.

10. Based on the filed schedules, the increase in income would more than cover the Schedule J expenses and allow for repayment to creditors. Therefore, it would appear that under the totality of the circumstances the filing is abusive under 11 U.S.C. § 707(b)(3).

11. The United States Trustee had conversations with counsel for the Debtors regarding their situation. On February 1, 2011, it requested the Debtors' most recent pay statements, 2010 W-2 statements, and a limited number of bank statements.

12. The United States Trustee has not yet received the requested information.

13. The United States Trustee reserves the right to supplement this pleading based on a review of the information requested.

## This Case Should Be Dismissed Pursuant to § 707(b)(1)

WHEREFORE, the United States Trustee prays that the Court enter an order dismissing this case pursuant to 11 U.S.C. § 707(b)(1) and granting such other and further relief as the Court deems just and equitable.

DATED: February 11, 2011

                                Respectfully submitted,

                                PATRICK S. LAYNG
                                United States Trustee

                                /s/ _David D. Orbach_ For:
                                MICHELLE S. Y. CRAMER
                                Attorney for the United States Trustee